IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DALORIS JONES                                                                                        PLAINTIFF

   v.      CIVIL NO. 2:14-cv-2088-PKH-MEF

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                                             DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending now before this Court is Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act ("EAJA"). ECF No. 15, 16. The matter is before the undersigned for report and recommendation.

### I. Background:

On June 25, 2015, Plaintiff filed a motion for attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting $6,630.50 representing a total of 35.60 attorney hours for work performed in 2014 and 2015 at an hourly rate of $186.25. ECF No. 15. On July 2, 2015, the Defendant filed a response voicing no objection to the hourly rates sought, but objecting to the number of hours Plaintiff's counsel is requesting. ECF No. 17.

### II. Applicable Law:

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for

---

[1] Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

AO72A
(Rev. 8/82)

the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, Plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

> "To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney."

*Meyers v. Heckler,* 625 F.Supp. 228, 231 (S.D.Ohio 1985). Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id. See also*, *Cornella v. Schweiker,* 728 F.2d 978 (8th Cir.1984).

The EAJA further requires an attorney seeking fees to submit "an itemized statement ... stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

The EAJA is not designed to reimburse without limit. *Pierce v. Underwood,* 487 U.S. 552, 573 (1988). In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and, the amount involved. *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984). The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS,* 923 F.2d 585, 586 (8th Cir. 1991) (quoting *Cotter v. Bowen,* 879 F.2d 359, 361 (8th Cir. 1989)).

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for the EAJA fee awards from $75.00 to $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). Attorney's fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). In *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990), the court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour," such as a copy of the Consumer Price Index.

**III.    Discussion:**

In the present action, Plaintiff's case was remanded by this Court pursuant to sentence four of 42 U.S.C. § 405(g).  ECF No. 14.  Defendant does not contest Plaintiff's claim that she is the prevailing party and does not oppose her application for fees under the EAJA.  ECF No. 17.  The Court construes this lack of opposition to this application as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party and entitled to receive an award under the EAJA.

**A.    Hourly Rate for Services Performed:**

Plaintiff requests compensation under the EAJA at an hourly rate of $186.25 for all attorney work performed 2014 and 2015.  Although the Defendant does not object to the hourly rate requested, we find that this rate exceeds the hourly rate for 2014, as adopted by this Court in General Order 39.  Therefore, the undersigned finds that Plaintiff should be entitled to an hourly rate of $186.00 for work performed in 2014 and $187.00 for work performed in 2015.

**B.    Appeal Brief:**

The Defendant objects to the total number of hours the Plaintiff seeks in compensation for the completion of her brief.  Between July 2, 2014, and July 16, 2014, Plaintiff claims 24.10 attorney hours were expended in the preparation of her appeal brief.  However, the Plaintiff does not claim there are any unique or complex issues in this case.

The Court notes that the transcript is comprised of 400 pages.  Plaintiff alleges that counsel spent .30 hours reviewing the 6 pages of appeal documents; 3.70 hours reviewing 210 pages of procedural documents; 4.40 hour reviewing 75 pages of oral testimony; 1.00 hours reviewing the 17 page ALJ opinion; and, 2.10 hours reviewing the medical records.  The

undersigned finds the 3.70 hours spent reviewing the procedural documents and the 4.40 hours spent reviewing the oral testimony to be excessive. Accordingly, the undersigned recommends that the Plaintiff's EAJA award be reduced by 6.10 attorney hours.

### C. Clerical Tasks:

Defendant also objects to a total of 2.40 attorney hours, arguing that the tasks performed were clerical in nature and did not require any legal expertise. We are governed by *Granville House, Inc. v. Department of HEW,* 813 F.2d 881, 884 (8th Cir. 1987), which held that work which could have been completed by support staff is not compensable under the EAJA. This case asserts that it is the task, rather than the title of the individual performing the task, that determines whether or not the task is clerical.

After reviewing counsel's itemization of time and the Defendant's objections, the undersigned finds that the following tasks are purely clerical in nature and not compensable under EAJA: receiving and reviewing NEF's and file-marked copies of the Cover Sheet, Complaint, Summons, Motion to Proceed In Forma Pauperis, Notice of Assignment of Magistrate, transcript, and appeal brief; receiving and reviewing proof of service; filing Notice of Request for Reassignment; and, calendaring deadlines. Further, I find that the Plaintiff is entitled to nominal time for each of the following tasks: reviewing the Order granting IFP, signing and reviewing the Affidavits of Service and letters of service, reviewing the Defendant's Answer, reviewing the Scheduling Order, and reviewing the Order of Reassignment. These documents are form documents that are filed in every social security case pending before this Court. As such, they require very little preparation and/or review time. Accordingly, Plaintiff

should be awarded .45 attorney hours for performing these tasks, reducing the Plaintiff's fee request by 1.95 hours.

### D. EAJA Motion:

Next, Defendant contends that the 1.50 hours Plaintiff requests in compensation for the preparation of the Motion for EAJA fees and its supporting documentation is excessive. The undersigned finds that 1.50 hours is a reasonable amount of time for the preparation of these documents. Accordingly, I recommend that Plaintiff be awarded the full amount requested for these tasks.

### E. Administrative Tasks:

Defendant also contests 2.00 attorney hours expended between March 19, 2014, and March 24, 2014, to review the file to determine whether appeal was warranted and conferring with the Plaintiff via telephone concerning the appeal process and scheduling an office visit to complete the necessary forms. Citing *Pray v. Astrue*, 2011 WL 6937603, *2 (W.D. Ark. December 2, 2011) (finding certain tasks to be administrative in nature), Defendant contends that Plaintiff's attorney is not entitled to recover EAJA fees for any hours of work performed before a district court action begins. We disagree. An attorney is expected to be familiar with her case prior to filing a complaint in federal court. At the very least, this will require her to review notes from the administrative proceedings. Counsel must also meet with her client/prospective client, determine whether her client is a candidate for *in forma pauperis*, and prepare the complaint for filing with the court. Counsel should be compensated for a reasonable amount of time associated with these tasks. Accordingly, the undersigned finds that Plaintiff is entitled to the pre-complaint time requested.

    **D.**    **Payment of EAJA fees:**

Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2528 (2010), the EAJA award should be made payable to Plaintiff. In keeping with the common practice of this Court, we will direct that the EAJA award be mailed to Plaintiff's counsel.

**IV.**    **Conclusion:**

Based upon the foregoing, the undersigned recommends that Plaintiff be awarded attorney fees under the EAJA in the amount of $5,127.05 for 24.80 attorney hours performed in 2014 at a rate of $186.00 per hour and 2.75 attorney hours for work performed in 2015 at an hourly rate of $187.00. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.

The parties are further reminded that, in order to prevent double recovery by counsel for the Plaintiff, the award under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this 17th day of August, 2015.

                                                /s/ Mark E. Ford
                                                HONORABLE MARK E. FORD
                                                UNITED STATES MAGISTRATE JUDGE